JUDGE CARTER

Frank Anthony, Plaintiff in Propria Persona
164 Ludlow Street Apt. 1
New York, NY 10002
(301) 520-7845
frank.j.anthony@gmail.com

14 CV 2809

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Frank Anthony a man
Plaintiff
vs.

**VERIFIED COMPLAINT**
**FOR DAMAGES**

DEBT COLLECTOR;
GE CAPITAL RETAIL BANK

**JURY TRIAL DEMANDED**

COMES NOW, the Plaintiff(s) Frank Anthony complaining of the Defendant as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15U.S.C.§1692, Telephone Consumer Protection Act 47 U.S.C sec 227.

### I. THE PARTIES

2. Plaintiff "Frank Anthony" is now and at all times relevant to this action an American National. Plaintiff(s) s are "consumers" as that term is defined within 15 U.S.C.§1692a(3).

3. Defendant "GE CAPITAL RETAIL BANK" ("Debt Collector") is a state chartered industrial bank. It has a principle place of business located at 170 WEST ELECTION ROAD Suite 125 Draper, UT 94020 Defendant GE CAPITAL RETAIL BANK are "debt collectors" as that Term is defined by 15 USC§1692a (6).

### II. JURISDICTION AND VENUE

4. The US District Court Southern District of New York has jurisdiction Pursuant to 15 U.S.C. §1692 et, al, and 15 U.S.C.§1681p et, al, and the court has Jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place in the state of New York; therefore venue is proper in the US District Court Southern District Court of New York

5.      On or about Oct 2013 plaintiff obtained a copy of his credit report. Within the report plaintiff noticed inaccurate information reporting from defendant. Plaintiff immediately disputed information with the three credit reporting agencies. The result from the dispute came back verified. It appears that GE Capital Retail bank. is enforcing a consumer transaction without any admissible evidence that a debt obligation exist.

6.      On or about Nov 26, 2013 plaintiff sent freedom of information and debt validation request pursuant to 15 USC 1692 (G) to defendant requesting defendant to provide original contract and signature that created an obligation 2.) Affidavit certifying that representative or director did not breach any federal or state contractual commercial or official oath in carrying out the alleged contract. 3.) Certify that a director or representative did not unlawfully without my consent use my signature to gain assets from a third party. See exhibit A.  According to United States Republic Postmaster this communication was received Nov 30 2013. See exhibit B.

7.      On or about Dec 4 2013 Plaintiff sent defendant another notice of dispute of alleged debt affirming the denial of having certified nor authenticated any signature, or acted as a willing participant of any endorsement. Plaintiff also again requested validation of alleged debt See exhibit E. According to United States Republic Poster master this communication was received Dec 16th 2013. See exhibit F. The defendant responded with a letter stating the balance of the alleged consumer transactions account. Defendant still did not validate or verify the debt pursuant to 15 USC 1692(G).

8.      On or about Jan 14th 2014 Plaintiff filed a FTC complaint for identity theft and fraud. See exhibit F. Due to failure to provide one scintilla of evidence of an existing debt. Plaintiff also filed another dispute with credit reporting agencies to delete the inaccurate information. Transunion and Equifax reported that debt was verified, Experian would not conduct investigation without police report see exhibit G. These Reponses were confirmed on or about Jan 22nd, 2014.

9.      On or about March 4th plaintiff received notification that the alleged accounts were removed from credit file. Around April 24th defendant fraudulently changed the account number of alleged debt and sent out new statements attempting to deceive plaintiff and collect under a new account number.

10. Now It appears that defendant is intentionally harassing plaintiff through the use of artificial and/or prerecorded voice technology to coerce payment of alleged debt, with intent to annoy, abuse or harass Plaintiff. Defendant called Plaintiff 13 times in five days (4/7/14-2:12pm,.4/7/14-5:07pm,4/8/14-2:15m,4/8/14-5:04pm,4/9/14-8:52pm,4/9/14-8:17pm,4/9/14-7:05pm,4/10/14-8:18am,4/10/14-10:47am,4/10/14-1:38pm, 4/10/14-2:55pm,4/10/14-6:48pm,4/11/14-8:48pm,4/11/14-10:41am). Plaintiff never once agreed to receive any phone call from plaintiff. In fact plaintiff expressly communicated all calls should cease and desist prior to harassment.

11.     Defendant has failed to provide affidavit certifying that as a financial institution they did not breach any federal state contractual commercial or official oath in carrying out alleged contract claim

12.     Defendant has failed to produce plaintiff(s) original signature in reference to alleged claim contract.

13.     Defendant has failed to certify that they did not unlawfully without my consent use my signature to provide to or gain assets from a third party(s), and failed to substantiate for the record that they did not commit any action that would preclude that they used my identity in a fraudulent or illegal manner or converted my true identity into a fictitious identity in collusion with a third party or additional parties

14.     Defendant "debt collector" is bound by law to provide information upon request pursuant to FOIA USC 5 sec 552 and have violated 15 USC 1692, 15USC 1681 and 47USC 227, ,and therefore plaintiff seeks statutory and actual damages

## IV. FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT
## (DEFENDANT)

15. Paragraphs 1-14 are re-alleged as though fully set out herein.

16. Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

17. Defendant "DEBT COLLECTOR are "credit furnishers" within the meaning of the 15 U.S.C.§1681a(c).

18 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a (d).

19. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties

it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed information;

(2) to "review all relevant information" provided by the credit reporting agency;

(3) to "report the results of its investigation" back to the credit reporting agency;

(4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

(5) to "modify,. . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

20. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a Duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiffs served upon defendant "DEBT COLLECTOR".

21. Plaintiffs notified Defendant DEBT COLLECTOR of its dispute by mail, and defendant DEBT COLLECTOR also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant "DEBT COLLECTOR" failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

22. Plaintiff alleges that at all relevant times Defendant "DEBT COLLECTOR "failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts defend GE Retail Bank "DEBT COLLECTOR" failed to conduct a proper and lawful reinvestigation.

23. All actions taken by the Defendant "DEBT COLLECTOR" and credit bureaus were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

24. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires them following of Credit rating agencies;

(2) Prompt Notice of Dispute to Furnisher of Information (A) In general. Before the expiration of the 5-business-day period Beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph

(1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller. (B) Provision of other information. The consumer reporting agency shall

promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in

subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information. (5) Treatment of Inaccurate or Unverifiable Information (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

25. Plaintiffs have been significantly harmed by defendant GE Retail Bank "Debt Collector and due to erroneous reporting of the alleged debt. Due to defendants acts, Plaintiffs has suffered damages that led to multiple denials of credit, The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 USC§1681(n) and 15 USC§1681(o) respectively.

26. Therefore, Plaintiffs demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1000.00, attorney fees, and costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

## V. THIRD CAUSE OF ACTION
### Violation Of Telephone Consumer Protection Act
### (DEFENDANT)

27. Paragraphs 1-26 are re-alleged as though fully set out herein.

28. At all times relevant hereto, defendant, controlled and or operated "automatic telephone dialing system" as defined by sec 227(a)(1) of the TCPA

29. Defendant initiated at least 13 telephone calls to Plaintiffs telephone line using artificial and or prerecorded voices to devices messages without express consent of Plaintiff, in violation of 47 U.S.C sec 227 (1)(A)(iii)of the TCPA.

30. The acts and or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense justification or legal excuse.

31. As a result the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages $500- 1500 per call, actual damages and treble damages.

### V. FITH CAUSE OF ACTION
### VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

32. Paragraphs 1-31 are re-alleged as though fully set out herein.

33. Plaintiffs are "consumers" as defined in 15 USC 1692a(3). Defendants "DEBT COLLECTOR" are "debt collectors as defined in 15 USC §1692a(6).Defendants were attempting to collect a debt for "household  purposes 15 USC 1692a(5).

34. Plaintiffs served defendants and each of them were served with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC 1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 USC 1692g(5)(b) requires defendants to cease all collection activity until the debt collector obtains verification of the alleged debt. Defendants and each of them has failed to provide one scintilla of proof of their alleged debt. However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting and excessive phone calls.

35. Defendants violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following; a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt . Defendant violated §1692(f) of the FDCPA. using unfair or unconscionable means to collect or attempt to collect a debt. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

36. Specifically defendant "DEBT COLLECTOR" knew it was not entitled to collect on the non-existent debt.

37. Defendants were fully aware that each of them were/are unable to provide a Performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendants.

38 Defendant "DEBT COLLECTOR" Violated 15 USC 1692j which says (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a

consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating

39. Therefore defendants are liable to Plaintiffs for damages to their consumer Credit reports which resulted in higher emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety, And other related damages due to defendant's acts.

## Prayer for Relief

40. Plaintiff request $9000 for statutory damages in violation of FDCPA, FCRA and TCPA

41. Plaintiff request for whatever punitive damages court sees fit

Dated: April 16, 2014

BY: _____

CONSUMER, Plaintiff